UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-cv-60477-WPD

SIDNEY LAMAR HOLMES,

    Plaintiff(s),

v.

BROWARD COUNTY SHERIFF'S
OFFICE, KENNETH SMITH, ROBERT
CAMPBELL, and the ESTATE OF
ROBERT FRESHWATERS,

    Defendant(s).
_____/

**DEFENDANT, BROWARD COUNTY SHERIFF'S OFFICE,
ROBERT CAMPBELL, AND THE ESTATE OF ROBERT FRESHWATERS
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

    Defendants, Broward County Sheriff's Office ("BSO") former BSO Deputy Robert Campbell ("Former Deputy Campbell"), and the Estate of Robert Freshwaters ("Former Deputy Freshwaters") (collectively, "Defendants") move to dismiss the Complaint [ECF No. 1], filed by Plaintiff, Sidney Lamar Holmes ("Plaintiff"), pursuant to Rule 12(b)(6), Fed. R. Civ. P., and state:

**OVERVIEW**

    Plaintiff's action arises from the March 13, 2023 vacatur of his 400-year sentence for a June 1988 armed robbery, following a review and recommendation from the Conviction Review Unit of the Broward State Attorney's Office. ECF No. 1, ¶¶ 1-11, 57-69. As a result, Plaintiff has initiated the above-styled action, raising 12 claims under both federal and Florida law against BSO – the investigating agency of the underlying robbery – and three former BSO deputies involved in

1

the investigation during their tenure with BSO: Former Deputy Campbell; Former Deputy Freshwaters;[1] and Defendant, Kenneth Smith.[2]

As a threshold matter, Plaintiff's Complaint should be dismissed without prejudice as a shotgun pleading. A plain reading of the Complaint reflects several cardinal pleading sins, flatly prohibited by the Eleventh Circuit, such as incorporating counts into subsequent counts. Accordingly, responding to this pleading in any substantive manner is impossible. Notwithstanding, certain Rule 12(b)(6), Fed. R. Civ. P., arguments still appear on the face of this shotgun Complaint.  For example, Plaintiff has clearly failed to state the elements of a Section 1983 claim against BSO in Count IV, which specifically names BSO as a defendant. Plaintiff has also violated the intra-corporate conspiracy doctrine, applicable to both federal and state law conspiracy claims, by alleging *all* Defendants conspired to violate Plaintiff's rights.  Thus, Counts V and X should be dismissed. Additionally, the state law claims in Counts XI (respondeat superior) and XII (indemnification) – the only other claims in in which BSO is specifically mentioned – violate the clear tenants of Section 768.28, Fla. Stat. Indeed, BSO is statutorily immune from torts committed by employees in bad faith, with malicious purpose, or in wanton or willful disregard of life, and thus Plaintiff cannot state a blanket "respondent superior" claim for the acts of unnamed employees. Similarly, there is no statutory or common law mechanism requiring BSO to indemnify judgments against its employees; indeed, under Section 768.28, Fla. Stat., the opposite is true. Accordingly, Plaintiff's Complaint should be dismissed on several grounds as set forth herein.

---

[1] Because Former Deputy Freshwaters is now deceased, Plaintiff sues his Estate. ECF No. 1, ¶ 17.

[2] Defendant, Kenneth Smith has not been served to date and has through and including June 10, 2025, to do so under Rule 4(m), Fed. R. Civ. P. (providing 90 days for service from the date of filing the pleading).

**ARGUMENT**

I. **PLAINTIFF'S COMPLAINT IS A SHOTGUN PLEADING, MERITTING DISMISSAL WITHOUT PREJUDICE.**

The Eleventh Circuit has "little tolerance" for shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 n.9 (11th Cir. 2015) (collecting cases highlighting the Eleventh Circuit's frequent dismissal of shotgun pleadings). Indeed, "[s]hotgun pleadings 'are flatly forbidden by the spirit, if not the letter, of these rules' because they are 'calculated to confuse the enemy, and the court, so that the theories for relief not provided by law and which can prejudice an opponent's case, especially before a jury, can be masked." *Barampov v. Amuial*, 986 F.3d 1321, 1325 (11th Cir. 2021) (quoting *Weiland*, 792 F.3d at 1321) (additional citations omitted). A shotgun pleading is one that makes it "impossible to comprehend which specific factual allegations the plaintiff intends to support which of his causes of action." *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020); *see also Weiland*, 792 F.3d at 1325 (explaining that dismissal of a complaint as a shotgun pleading "is appropriate where it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief") (quotation marks and alteration omitted). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests[.]" *Id.* at 1323.

Of the four types of shotgun pleadings described by the Eleventh Circuit, the Complaint falls within three types. *Weiland* at 1323. First, the Complaint is "where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint[.]" *Id.* at 1322. For example, every single cause of action – of which there are 12 total – states "Plaintiff incorporates each paragraph of this Complaint as if fully restated here." ECF No. 1, ¶¶ 84, 102, 114, 120, 129, 135, 140, 145, 150,

3

155, 160, 163. This "mortal sin" or "cardinal sin" of shotgun pleading, *Weiland*, at 1322, merits dismissal with prejudice. *See also Keith v. DeKalb Cnty., Ga.*, 749 F.3d 1034, 1045 n.39 (11th Cir. 2014) ("The complaint, through its incorporation into successive counts all preceding allegations and counts, is a quintessential 'shotgun' pleading—the sort of pleading we have been roundly condemning for 30 years." (citation omitted)); *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) ("The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions.").

Another "type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief," which is what Plaintiff has also done here. *Weiland*, 792 F.3d at 1321–23 (footnotes omitted). Each count in the Complaint commingles multiple claims into one, purported cause of action. In the interest of brevity, the undersigned uses Count V as an example of the commingling pleading errors. Specifically, Plaintiff's Count V attempts to assert a claim for "Conspiracy to Deprive Holmes of His Constitutional Rights." ECF No. 1, ¶¶ 129-134. However, this claim wholly fails to specify under what law this conspiracy claim is based or what constitutional rights are it issue. *Id.* It is therefore impossible for Defendants to know what cause of action this count, and under what law, Plaintiff asserts in Count V. Additionally, due to the commingled nature of Count V, Defendants are wholly unaware of what facts allegedly support the commingled conspiracy claims. *Id.* These errors are symptomatic of Plaintiff's entire pleading, however, meriting dismissal on this additional basis.

Finally, the Complaint contains allegations "against multiple defendants without specifying which of the defendants are responsible for which acts or omissions" into different

4

counts. *Weiland,* 792 F.3d at 1321-23. Indeed, of the twelve causes of action in Plaintiff's Complaint, only three state that the claims are being asserted against BSO – Counts IV, XI, and XII. ECF No. 1, at 16-17, 21-22. The remainder lump <u>all</u> Defendants into each factual and legal allegation, leaving Defendants without adequate notice of the claims against them and the grounds upon which the claim rests. *Weiland*, 792 F.3d at 1323. Therefore, this Court should dismiss the Complaint and require Plaintiffs to file a proper complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure.[3]

## II. PLAINTIFF FAILS TO STATE A *MONELL* CLAIM AGAINST BSO IN COUNT IV.

Plaintiff asserts a Section 1983 claim directly against BSO in Count IV – the *only* Section 1983 claim that *specifically* identifies BSO in the shotgun pleading's purported federal causes of action.[4] ECF No. 1, ¶¶ 120-128. Because Count IV fails to plead the requisite elements of a Section 1983 claim against a municipal entity, pursuant to *Monell v. N.Y.C. Dep't of Soc. Servs.*, 43 U.S. 658 (1978) (hereinafter "*Monell*"), Count IV should be dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P.

### A. *The Monell Pleading Framework*

A municipal entity may be sued directly under section 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or

---

[3] Defendants assert that the shotgun nature of the pleading obfuscates other, potential Rule 12(b)(6) arguments for the majority of the claims in the Complaint. The additional arguments raised herein are those that appear clearly on the face of the Complaint, which are based on the only three claims that are *specifically* asserted against BSO – Counts IV, XI and XII. *See* ECF No. 1, ¶¶ 120-128, 160-165.

[4] As discussed *supra,* Section I, Plaintiff's claims in Counts I through III fail to differentiate among the several Defendants and, therefore, whether Plaintiff asserts Section 1983 claims against BSO in Counts I through III is wholly unclear. In abundance of caution, BSO moves to dismiss these claims to the extent the Complaint could be construed as attempting to assert *Monell* claims against BSO for the reasons set forth in Section II herein.

5

decision adopted and promulgated by that body's officers." *Monell*, 43 U.S. at 690. However, the Supreme Court has placed strict limitations on municipal liability under Section 1983. *Grech v. Clayton County*, 335 F.3d 1326, 1329 (11th Cir. 2003); *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1993). Accordingly, to plead liability against BSO under Section 1983, Plaintiff must allege that: (1) his constitutional rights were violated; (2) BSO had a custom or policy that constituted deliberate indifference to those constitutional rights; and (3) the policy or custom caused the violation. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004); *see also Denno v. Sch. Bd. of Volusia Cty.*, 218 F.3d 1267, 1276 (11th Cir. 2000), *cert. denied*, 531 U.S. 958 (2000). *v. Miami-Dade Cnty.*, No. 07-21717, 2007 WL 1746190, at *3 (S.D. Fla. Mar. 28, 2007) (stating "proof of 'a single incident of unconstitutional activity' cannot suffice under *Monell* to impose liability" on a municipality) (quoting *City of Oklahoma v. Tuttle*, 471 U.S. 808, 824 (1985)).

To demonstrate a pervasive practice, a plaintiff must show a persistent and widespread practice with actual or constructive knowledge of such by the BSO's governing board. Accordingly, without an official policy—which Plaintiff has not and cannot allege—a *Monell* claim cannot be sustained in the absence of other incidents <u>involving factual situations that are substantially similar to the case at hand</u>. *Mercado v. City of Orlando*, 407 F.3d 1152, 1161–62 (11th Cir. 2005). Even if the Plaintiff could point to a sufficient municipal policy custom or practice is established—which he does not do anywhere in the Complaint—Plaintiff still bears burden of demonstrating that the policy, custom or practice was the "moving," or "driving force" behind the Plaintiff's constitutional injury. *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 405 (1997); *McDowell*, 392 F.3d at 1292. These principles have long been recognized by courts within this District as a pleading requirement and failure to properly allege a custom or policy routinely

results in dismissal. *See, e.g., Vila v. Miami-Dade County.*, No. 14-21346, 2014 WL 6976273, at *6 (S.D. Fla. Nov. 25, 2014); *Perez v. City of Miami*, No. 10-21179, 2011 WL 772858 (S.D. Fla. Feb. 28, 2011); *Andrade v. Miami-Dade County.*, No. 09-23220, 2011 WL 4345665, at *8 (S.D. Fla. Sept. 16, 2011).

Finally, the Supreme Court has required that "rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." *Brown*, 520 U.S. at 405. "This high standard of proof is intentionally onerous for plaintiffs; imposing liability on a municipality without proof that a specific policy caused a particular violation would equate to subjecting the municipality to *respondeat superior* liability – a result never intended by section 1983." *Gold*, 151 F.3d at 1351 n.10.

### B. *Plaintiff's Claims Fail to Satisfy* **Monell** *and Should Be Dismissed.*

Given the standard required to state a *Monell* claim against a municipality, the allegations set forth in the Complaint clearly fail to meet this burden, even when viewed in the light most favorable to Plaintiff. Plaintiff does not allege an official policy – as he cannot – but appear to rely on the pattern or practice theory under *Monell*. *See* ECF No. 1, ¶ 71. Specifically, Plaintiff alleges that "deputies and detectives regularly used unconstitutional measures during the relevant time periods to falsely implicate criminal suspects including engaging in unduly suggestive identification and lineup procedures." *Id.* This is the most specific allegation of BSO's purported, unconstitutional "pattern and practice" in the Complaint—an allegation that is well short of the specifics required to state a *Monell* claim. Indeed, there is not *a single reference to a substantially similar factual situation to the case at hand*, as required to state a *Monell* claim. *Mercado*, 407 F.3d at 1161–62. "Vague and conclusory allegations will not support a claim under § 1983." *Hall v. Smith*, 170 F. App'x 105, 107–08 (11th Cir. 2006) (citation omitted); *see also Darlow v. City of*

*Coral Springs*, Case No. 21-60083-CIV-RUIZ, 2022 WL 110698, at *5 (S.D. Fla. Jan. 12, 2022) ("Ultimately, [p]laintiff's conclusory allegations regarding municipal liability do not supply any facts—and therefore do not satisfy *Monell* or *Twombly*."). This failure warrants dismissal of Count IV against BSO (and another other Section 1983 claims that could be construed against BSO). *Darlow*, 2022 WL 110698, at *3 ("But beyond these two scant and conclusory paragraphs in the Amended Complaint, no additional factual allegations regarding said 'custom and policy' are provided. Without more, the Amended Complaint warrants dismissal on this basis alone.").

At the motion dismiss stage, this Court is not required to accept "[Plaintiffs'] legal conclusion regarding . . . Fourth Amendment violations—conclusions wholly unsupported by any factual development in [the Complaint]." *Id.* at * 5 (citing *Florida Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 408 n.10 (11th Cir. 1996) ("[C]onclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss.")); *see also Harvey v. City of Stuart*, 296 Fed. Appx. 824, 826 (11th Cir. 2008) (affirming dismissal of § 1983 action against municipality because the plaintiff "failed to identify any policy or custom that caused a constitutional violation, and his vague and conclusory allegations were insufficient to support the complaint."); *Reyes v. City of Miami Beach*, No. 07–22680–CIV, 2007 WL 4199606, at *6 (S.D. Fla. Nov. 26, 2007) (holding dismissal of a plaintiff's 1983 claim was warranted because "[i]n recounting only their own alleged incident, offering no other facts to support their claim that the City had an official policy or widespread custom that was directly responsible for their injuries, and failing to identify even one responsible final City policymaker, Plaintiffs have failed to raise their section 1983 claim against the City above the speculative level."). Accordingly, Count IV (and to the extent the Complaint asserts any other claims under *Monell* against BSO) merits dismissal.

### III. PLAINTIFF'S CONSPIRACY CLAIMS FAIL AS A MATTER OF LAW UNDER THE INTRA-CORPORATE CONSPIRACY DOCTRINE.

Both Counts V and X assert conspiracy claims, though Count X is explicitly under state law, and Count V fails to specify what jurisdictional or statutory framework it is raised. *See* ECF No. 1, ¶¶ 129-134; 155-159. Regardless of whether either claim is a federal or state law conspiracy claim, both counts fail under Rule 12(b)(6) due to the intra-corporate conspiracy doctrine. Specifically – and notwithstanding the shotgun pleading issues, *supra*, Section I – Plaintiff has sued <u>all</u> Defendants in Counts V and X: BSO and its three, former deputy-employees. Both federal and Florida law hold that neither an agent nor an employee can conspire with his or her principal or employer. "This doctrine, originally a product of antitrust law, provides that neither an agent nor an employee can conspire with his or her corporate principal or employer." *Mancinelli v. Davis*, 217 So. 3d 1034, 1036–37 (Fla. Dist. Ct. App. 2017) (citing *Richard Bertram, Inc. v. Sterling Bank & Trust*, 820 So.2d 963, 966 (Fla. Dist. Ct. App. 2002); *Lipsig v. Ramlawi*, 760 So.2d 170, 180 (Fla. Dist. Ct. App. 2000); *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000) (en banc)). "This doctrine stems from basic agency principles that 'attribute the acts of agents of a corporation to the corporation, so that all of their acts are considered to be those of a single legal actor.'" *Mancinelli,* 217 So. 3d at 1036-37 (quoting *Dickerson v. Alachua Cty. Comm'n*, 200 F.3d 761, 767 (11th Cir. 2000)). Because a civil conspiracy requires "an agreement between two or more parties," *Lipsig*, 760 So.2d at 180, "it is not possible for a single legal entity consisting of the corporation and its agents to conspire with itself," *Dickerson*, 200 F.3d at 767. Thus, the intra-corporate conspiracy doctrine squarely precludes Counts V and X, asserted against all Defendants.

## IV. NOTWITHSTANDING THE 768.28 NOTICE ISSUE, COUNTS XI AND XII FAIL TO STATE A CLAIM AGAINST BSO.

### A. *Section 768.28, Fla. Stat., Does Not Permit a Blanket "Respondent Superior" Claim as Alleged In Count XI.*

Section 768.28, Fla. Stat., governs state tort liability against municipal entities and their employees. Specifically, Section 768.28, Fla. Stat., provides in relevant part:

> An officer, employee, or agent of the state or of any of its subdivisions may not be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. . . .  The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers is by action against the governmental entity, or the head of such entity in her or his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. The state or its subdivisions are not liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

§ 768.28, Fla. Stat.[5] In other words, an officer [] is immune from personal liability for his torts if he is acting within the scope of his employment, unless he acted in bad faith or with malicious

---

[5] Section 768.28 also requires that a claimant provide a pre-suit statutory notice to a municipal entity and allege in any subsequent complaint that the claimant complied with the pre-suit notice requirement. *Menendez v. N. Broward Hosp. Dist.*, 537 So. 2d 89, 91 (Fla. 1988) ("Under section 768.28(6), not only must the notice be given before a suit may be maintained, *but also the complaint must contain an allegation of such notice*[.]") (emphasis added); *Scullock*, 161 So. 3d at 423 ("A claimant must perform [the statutory notice requirement] in order to bring suit, *and this compliance must be alleged in the complaint*.") (emphasis added); *City of Miami v. Alvarez*, 390 So. 3d 248, 250-51 (Fla. 3d DCA 2024) (reversing and remanding with instructions to dismiss action against city where plaintiff failed to comply with, and the complaint contained no allegation of compliance with, section 768.28's pre-suit notice requirement). Defendants note that Complaint contains no allegation that Plaintiff complied with the statutory notice requirement. *See generally,* ECF No. 1. Accordingly, Counts VI through XII, the claims purportedly raised under Florida law, are also subject to dismissal

purpose or with wanton and willful disregard of human rights, safety, or property; and in such circumstances, the employing agency [] "alone remain[s] vicariously liable up to the limits provided by statute." *Taylor v. Sheriff, Pinellas Cnty., Fl.*, No. 23-10538, 2023 WL 8368843, at *2 (11th Cir. Dec. 4, 2023) (quoting *McGhee v. Volusia Cnty.*, 679 So. 2d 729, 733 (Fla. 1996)).

Count XI alleges that BSO is "is liable as principal for <u>*all torts*</u> committed by its agents." ECF No. 1, ¶ 162 (emphasis added). This claim is directly contrary to the plain language of Section 768.28, Fla. Stat. "In any given situation either the agency can be held liable under Florida law, or the employee, <u>*but not both.*</u>" *McGhee v. Volusia Cnty.*, 679 So. 2d 729, 733 (Fla. 1996) (emphasis added); *Guerra v. Palm Beach Cnty. Sheriff's Office*, 657 Fed. App'x 886, 892 (11th Cir. 2016) (affirming dismissal of false arrest claims against two individual police officers based qualified and sovereign immunity where they allegedly "fabricated evidence and concealed exculpatory evidence," as there were no allegations that the officers employed fraudulent or corrupt means). For example, BSO is immune from the tort of malicious prosecution – which Plaintiff raises in Counts II and VI against all Defendants – because malice is an inherent element of said tort. *Gomez v. Lozano*, 759 F. Supp. 2d 1335, 1337 (S.D. Fla. 2011), *order clarified* (Jan. 21, 2011) (applying Florida and acknowledging that a municipality has sovereign immunity as to malicious prosecution claims) (citing *Fla. Dep't of Envtl. Prot. v. Green,* 951 So.2d 918, 920 (Fla. Dist. Ct. App. 2007) ("Because 'malice' is a necessary element of malicious prosecution and section 768.28(9)(a) immunizes the State and its agencies from 'malicious' acts of its employees while they are acting within the scope of their employment, [the plaintiff] is barred from bringing a malicious prosecution claim against [the state agency]."). Accordingly, Plaintiff's blanket "vicarious

---

for failure to allege satisfaction of conditions precedent, in addition to the other pleading errors identified herein.

liability" claim fails as a matter of law and directly contradicts the plain language of the governing statute, Section 768.28, Fla. Stat., meriting dismissal of Count XI.

### B. No Cause of Action Exists for "Indemnification" Under Section 768.28, Fla. Stat.

Plaintiff's Count XII is a generic claim for "indemnification," citing Section 768.28, Fla. Stat., and asserts that "public entities are to pay tort judgments for which employees are liable within the scope of their employment activities." ECF No. 1, ¶ 164. *This is a wholly inaccurate statement of what Section 768.28, Fla. Stat., provides*. § 768.28, Fla. Stat. In fact, the opposite conclusion is true: where an employee is liable in tort for actions committed within the scope of their employment – which necessarily means that he or she also acted in bad faith or with malicious purpose or with wanton and willful disregard of human rights, safety, or property; and in such circumstances – the municipal employer is *not* on the hook for indemnification, because it is sovereignly immune from liability. *See Moore v. Williams*, No. 3:23-CV-1388-MMH-LLL, 2024 WL 3965859, at *4 (M.D. Fla. Aug. 28, 2024) ("[T]he Court notes that section 768.28 imposes no requirement on Sheriff Williams to indemnify the individual officers for the alleged tortious activity."). Accordingly, because Section 768.28, Fla. Stat., does not provide a statutory basis for indemnification (nor does such a basis exist elsewhere, either in common law or statutorily), Count XII should be dismissed with prejudice

WHEREFORE, Defendants, BSO, Former Deputy Campbell, and Former Deputy Freshwaters respectfully request that the Court grant this Motion, dismiss Plaintiff's Complaint as set forth herein, and award any further relief the Court deems just and proper.

DATED:       May 30, 2025                    Respectfully submitted,

                                             WEISS SEROTA HELFMAN
                                             COLE & BIERMAN, P.L.

        *Counsel for Defendant Broward County Sheriff's Office, Former Deputy Robert Campbell, and the Estate of Freshwaters*
        200 East Broward Boulevard, Suite 1900
        Fort Lauderdale, FL  33301
        Telephone: 954-763-4242

By: /s/ *Anne R. Flanigan*
   MATTHEW H. MANDEL
   Florida Bar No. 147303
   Primary e-mail: mmandel@wsh-law.com
   Secondary e-mail:  lbrewly@wsh-law.com
   ANNE R. FLANIGAN
   Florida Bar No.  113889
   Primary e-mail:  aflanigan@wsh-law.com
   Secondary e-mail: pgrotto@wsh-law.com
   JOSEPH R. NATIELLO
   Florida Bar No.: 098712
   Primary: jnatiello@wsh-law.com
   Secondary: mboschini@wsh-law.com